### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DWON MONTEEK MAYS,

       Petitioner,                    Civil No. 2:06-CV-14043

                                       HONORABLE DENISE PAGE HOOD

v.                                UNITED STATES DISTRICT JUDGE

JAN E. TROMBLEY,

       Respondent,

_____/

### OPINION AND ORDER DENYING PETITION
### FOR WRIT OF HABEAS CORPUS

Dwon Monteek Mays, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence on one count of possession with intent to deliver 450 to 999 grams of cocaine, M.C.L.A. 333.7401(2)(a)(ii). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I. Background

Petitioner pled guilty to the above charge in the Genesee County Circuit Court in exchange for the dismissal of other charges. Petitioner's sentencing guidelines range under the Michigan Sentencing Guidelines was determined to be 108 to 180 months. The trial court sentenced petitioner to 108 to 360 months in prison. Petitioner's conviction was affirmed on appeal. *People v. Mays,* No. 264239 (Mich.Ct.App. September 7, 2005); *lv. den.* 474 Mich. 984; 787 N.W. 2d 201 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Whether or not petitioner's sentence is invalid, and whether he must be resentenced because the trial court increased the statutory sentencing guidelines range based on facts that were not admitted by him at his plea and were not proven to a jury beyond a reasonable

1

doubt in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L Ed. 2d 403 (2004).

## II.  Discussion

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed."  *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Additionally, "[f]ederal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face . . . ."  *McFarland v. Scott,* 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the attached exhibits that the petitioner is not entitled to federal habeas relief.  *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999)(citing Small v. Endicott, 998 F. 2d 411, 414 (7th Cir. 1993); *See also*, Rule 4, RULES GOVERNING § 2254 CASES.   After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily dismissed.  *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

In his sole claim, petitioner contends that the trial court incorrectly scored Offense Variable 12 of the Michigan Sentencing Guidelines.  Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for scoring his sentencing guidelines range.  Petitioner claims that his sentencing guidelines range would have been 81 to 135 months had the trial court not assessed points against him for this offense variable.

Petitioner's sentence of 108 to 360 months in prison was within the statutory limit for the crime of possession with intent to deliver 450 to 999 grams of cocaine.  A sentence imposed within the statutory limits is not generally subject to habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741,

68 S. Ct. 1252, 92 L. Ed. 1690 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). "A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). "Claims which arise out of a state trial court's sentencing decision are not generally cognizable upon federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001)(citing *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)..

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook,* 56 F. Supp. 2d at 797 (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that Offense Variable 12 of the Michigan Sentencing Guidelines was incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797. "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). "[A]ny error in calculating his guideline score" or in departing above his sentencing guidelines range alone does not merit habeas relief. *Id.*

Petitioner, however, contends that the trial court judge violated his Sixth Amendment right

to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt.

In support of his argument, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004)*,* in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's argument fails in that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme.  Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence.  The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 256, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)).  Under Michigan law, "[t]he trial judge sets the minimum, but can never exceed the maximum" sentence. *Claypool,* 470 Mich. at 730, n. 14.  As such, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence.

4

Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.  Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights.  *See Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006)*; George v. Burt,* 2006 WL 156396, * 5 (E.D. Mich. January 20, 2006).

## III.    ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

/s/ Denise Page Hood

**DENISE PAGE HOOD**

United States District Judge

DATED: October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

S/William F. Lewis

Case Manager